IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MIKE BERSHERS PLAINTIFF

vs. Civil No. 6:08-cv-6072

MICHAEL J. ASTRUE DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Pending before this Court is Defendant's Motion to Dismiss. (Doc. No. 5). Defendant requests that the present action be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] *See id.* On October 17, 2008, Plaintiff responded to this Motion and objects to this dismissal. (Doc. No. 6). Plaintiff claims that even though this civil action was not timely filed, this Court should extend the deadline in this case in order to allow Plaintiff to proceed with his "[a]ppeal rights to insure that he has received due process." *See id.*

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

On January 31, 2008, the Appeals Council issued a denial letter to Plaintiff.[3] (Doc. No. 5,

---

[1] It appears this Motion to Dismiss is more properly brought under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction). Plaintiff does not object to the Defendant's characterization of this motion. Therefore, this Court will not address this issue.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[3] Plaintiff does not dispute the fact that he received this denial letter on January 31, 2008. (Doc. No. 6, Page 1).

Ex. 1). In this denial letter, the Social Security Administration ("SSA") stated that Plaintiff had sixty (60) days to file a civil action. *See id. See also* 42 U.S.C. § 405(g) (stating that a claimant must commence a civil action against the SSA within sixty days of receiving notice of its final decision). However, Plaintiff did not file this civil action until July 16, 2008, well over sixty days from January 31, 2008. (Doc. No. 1). Therefore, under the general rule in 42 U.S.C. § 405(g), this action is time-barred.

Plaintiff claims that he did not timely file this action because his mental and physical impairments prevented him from properly completing the paperwork for his *in forma pauperis* application which, in turn, prevented him from timely filing his lawsuit. (Doc. No. 6, Pages 1-2). Plaintiff has given no other excuse for his delay. *See id.* In the Eighth Circuit, this sixty-day time period has been interpreted to be a statute of limitations that will bar suit unless tolled. *See Caran v. Bowen,* 834 F.2d 720, 721 (8th Cir. 1987). In this case, the Court finds no circumstances that would toll the statute of limitations. *See id.* (stating that the "timely filing requirement [of 42 U.S.C. § 405(g)] . . . is a statute of limitations and as such will bar suit unless it is tolled.").

**Therefore, because Plaintiff's action is time-barred under 42 U.S.C. § 405(g), this Court finds Defendant's Motion to Dismiss (Doc. No. 5) is well-taken and should be GRANTED. This Court hereby dismisses this action without prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.**

**ENTERED this12th day of November, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE